IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :
:
v.   :   Criminal No. 18-114
:
SHANIF ALLEN RODGERS   :

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of the defendant's guilty plea as to Count One of the Information, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d), made applicable by 28 U.S.C. § 2461(c), the defendant hereby forfeits to the United States all right, title and interest in the firearm and ammunition involved in the commission of the offense.

2. The Court has determined, based upon the facts set forth at the guilty plea hearing, in the government's plea memorandum, and in the government's sentencing memorandum, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea for Count One of the Information, and that the government has established the requisite nexus between such property and such offense:

   a) one Ruger, Model P345, .45 caliber semi-automatic handgun with an obliterated serial number, and

   b) seven live rounds of ammunition,

as the firearm and ammunition involved in the commission of the said violation (hereinafter referred to as the "Subject Property").

3. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Pursuant to 21 U.S.C. § 853(n)(1), made applicable pursuant to 28 U.S.C. § 2461(c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture will become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. *See United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. Following the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

11. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation, the United States Marshal Service, and counsel for the parties.

**ORDERED** this ___21st___ day of ___January___, 2020.

_____
HONORABLE MICHAEL M. BAYLSON
*Judge, United States District Court*